09-5082-cr, 09-5202-cr
USA v. Diaz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of October, two thousand ten.

PRESENT: WILFRED FEINBERG,
JON O. NEWMAN,
GERARD E. LYNCH,
*Circuit Judges*,

----------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.

Nos. 09-5082-cr (L);
09-5202-cr (CON)

EDWARD CEPERO, STEVEN LAMBOY,
*Defendants,*

JAVIER DIAZ, also known as "CHUCO", ALBERTO DIAZ, also known as "TITO",

*Defendants-Appellants.*
----------------------------------------------------------------------

FOR APPELLANT JAVIER DIAZ:    Michael Sporn, New York, New York.

FOR APPELLANT ALBERTO DIAZ:    Louis R. Aidala, New York, New York.

FOR APPELLEE:    Parvin D. Moyne, Michael A. Levy, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that: (1) the government's motion to dismiss defendant-appellant Alberto Diaz's challenge to his sentence and his counsel's <u>Anders</u> motion are GRANTED; (2) Alberto Diaz's conviction is AFFIRMED; and (3) defendant-appellant Javier Diaz's sentence is AFFIRMED.

Defendants-appellants Javier and Alberto Diaz, brothers and co-conspirators in a crack cocaine distribution ring, appeal their respective sentences arising out of separate guilty pleas to narcotics-related offenses. Alberto Diaz ("Alberto") also challenges his conviction, while his counsel asserts that there are no colorable issues for appeal and moves for withdrawal pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In accordance with a written plea agreement, Alberto pleaded guilty to a single count of possessing with the intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(B), waived his right to appeal any sentence at or below the applicable mandatory minimum sentence of sixty months' imprisonment, and ultimately received a sixty-month sentence. Nevertheless, he filed a notice of appeal in this Court on December 10, 2009. The government has moved for either dismissal of this appeal or summary affirmance of Alberto's conviction and sentence.

"[A] defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed guideline range is enforceable." United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997). After a valid waiver of his appellate rights, Alberto received the very sentence outlined in the plea agreement. As a result, his appeal, insofar as it challenges his period of incarceration, is dismissed.[*] Furthermore, Alberto's plea allocution conformed, in all respects, with Rule 11 of the Federal Rules of Criminal Procedure and, therefore, will not be disturbed. As a result, there are no non-frivolous issues that could be raised on Alberto's behalf. Accordingly, his counsel's Anders motion is granted and his conviction is affirmed.

Pursuant to a separate plea agreement, Javier Diaz ("Javier") pleaded guilty to a single count of conspiring to distribute, or possess with the intent to distribute, fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A). He was sentenced to 135 months' imprisonment, the top of the applicable Guidelines range and fifteen months more than the applicable mandatory minimum. Javier attributes this sentence to the district court's supposed reliance on his own erroneous sentencing memorandum, which misstated the sentencing range that the parties stipulated to in the plea agreement as 120-135, rather than 120-121, months. Because no objection was raised below, we review this claim for plain error. United States v. Villafuerte, 502 F.3d 204, 207 (2d Cir. 2007).

Javier's claim that the district court intended to impose a sentence at the bottom of the

---

[*] Alberto cannot raise a non-frivolous challenge to either the four-year term of supervised release or the $100 special assessment to which he was sentenced because both were mandatory. See 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 3013(2)(A). Accordingly, his appeal of these aspects of his sentence is dismissed as frivolous.

Guidelines range, but was somehow misled by an erroneous characterization of the plea agreement, is unavailing. First, Javier does not dispute that the stipulation in the agreement was not binding on the court and was in fact inaccurate. Nor does he contest that at the time of sentence the parties, the pre-sentence report, and the court all agreed that the *correct* guideline sentencing range applicable to him was indeed 120-135 months. Second, there is no reason to believe that any error about the *top* of the stipulated range would lead the sentencing judge to make a mistake about the *bottom* of that range. That is especially true where, as here, the bottom is set by a mandatory minimum: an experienced district court judge would surely be aware that the sentencing minimum applicable to § 841(b)(1)(A) is 10 years, not 11.25 years.

In any event, at sentencing the district court expressly relied on and incorporated the findings of the pre-sentence report, which accurately stated both the correct applicable Guidelines range of 120-135 months and the parties' stipulated sentencing range of 120-121 months. The court made no reference to the representation in Javier's prior sentencing memorandum. Any error in that representation was therefore irrelevant to the sentence imposed.

What little traction Javier's argument does muster comes from the district court's failure to explain why it imposed a sentence 15 months longer than the mandatory minimum sentence that was recommended by the Probation Office. The district court could have aided our review, and perhaps avoided this appeal, by stating a reason for its decision. Nevertheless, no explanation is required since the sentencing judge was "aware of both the

statutory requirements and the [applicable] sentencing range . . . , and nothing in the record indicates misunderstanding about such materials or misperception about their relevance." United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005).

For the foregoing reasons, the government's motion to dismiss the challenge to Alberto Diaz's sentence and Alberto Diaz's counsel's Anders motion are GRANTED, and Alberto Diaz's conviction and Javier Diaz's sentence are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court